LOTZ BROTHERS DAIRY, INCORPORATED, PLAINTIFF-
RESPONDENT, v. WERNER & COMPANY, INCORPO-
RATED, DEFENDANT-APPELLANT.

Submitted October 25, 1934—Decided March 5, 1935.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Frankel & Frankel.*

For the respondent, no appearance.

PER CURIAM.

This is defendant's appeal from a judgment of the Small
Claims Division of the Clifton District Court. The suit was
to recover the purchase price, $42, of certain valves ordered
of defendant by plaintiff for use in its milk bottling plant.
The contention was, and it is supported by evidence, that the
valves did not match the sample furnished and did not fit
properly, so that they could not be used. The defendant
counter-claimed for $27 for work done on valves alleged to
have been ordered to replace some of those furnished on the
original order.

The first point is that a motion to strike out the state of
demand should have been granted. The motion was on the
ground that, since plaintiff was in effect setting up a rescis-
sion, it was incumbent upon it to plead a return of the goods
or a tender thereof. The trial judge held that pleadings in
small claims causes are informal and denied the motion,
allowing an exception. We think that this was in the discre-
tion of the court, as an amendment would have been, and that
there was no error prejudicial to defendant since the meri-
torious question was tried out.

The exception to the denial of the motion to strike is the only one contained in the record, and there is no other point properly before us except possibly the contention that there was no evidence at all to support the judgment. After the denial of the motion the parties proceeded to introduce evidence. The trial court said at one point, "there is only a dispute as to the fitness," and this seems to have been acquiesced in by the parties and their attorneys. There was evidence that the valves did not match the sample and were unsuitable for use in the dairy of the plaintiff. Upon this evidence the court was justified in finding for the plaintiff.

The judgment is affirmed, with costs.